SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

---

LISA MELTON,

        Plaintiff(s),

 -against-

ALFONSO SOLLAMI,

        Defendant(s).

---

Venue Based Upon
C.P.L.R. § 503(a), as Neither
Party Resides in the State

Index No.:

### SUMMONS IN A CIVIL ACTION

To the above named Defendants:

 **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff/Plaintiff's Attorney(s) within twenty (20) days after service of this summons, exclusive of the day of service, where service is made upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
   March 4, 2019

        Yours etc,

     LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

     BY: _____
       Michael H. Joseph, Esq.
       203 East Post Road
       White Plains, New York 10601
       Tel: (914) 574 8330
       Fax: (914) 358-5379

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

---

LISA MELTON,

                Plaintiff(s),      Index No.:

  -against-

ALFONSO SOLLAMI,

                Defendant(s).

---

## VERIFIED COMPLAINT

Plaintiff by and through her undersigned attorney, complains of the defendants, as follows:

1. Plaintiff, Lisa Melton (hereinafter "Plaintiff") is and at all times relevant herein was a resident of the State of Connecticut.

2. Defendant, Alfonso Sollami, (hereinafter "Defendant") at all times material to this complaint, was and is a resident of the State of Alabama.

3. At all relevant times, Plaintiff was the operator of an automobile bearing Connecticut license plate number 888X6W. (Hereinafter "Vehicle 1").

4. On or about October 11, 2018, and at all times relevant herein, Defendant, Alfonso Sollami was the operator of an automobile bearing Alabama License Plate number 58YY386 (Hereinafter "Vehicle 2).

5. On or about October 11, 2018 at about 10:15 pm, Plaintiff was operating vehicle 1 on Interstate 684 Northbound, in the Town of Bedford, State of New York.

6. On or about October 11, 2018 at about 10:15 pm, Defendant, Alfonso Sollami was operating vehicle 2 on Interstate 684 Northbound, in the town of Bedford, State of New York.

7. On or about October 11, 2018 at about 10:15 pm, and at all times relevant herein Interstate 684 Northbound, in the town of Bedford, State of New York, was a public thoroughfare and was traveled over as such.

8. At the aforementioned, time, date and place, Defendant was negligent and careless in his ownership, operation and control of vehicle 2, in that among other things, he failed to keep a proper lookout, failed to operate the vehicle in a reasonable and prudent manner, failed to make timely use of the brakes, failed to keep the vehicle under proper control, failed to maintain his lane of travel, made an unsafe lane change, failed to avoid the accident from occurring and otherwise failed to follow the applicable section of the Vehicle and Traffic Law.

9. On said date and at said time, Vehicle 2 collided with Vehicle 1, as a result of said collision, plaintiff was severely injured.

10. Plaintiff's injuries were caused solely and wholly by and through the carelessness negligence and recklessness of the defendant, in that he operated said vehicle negligently, carelessly, and recklessly, and unlawfully in that the motor vehicles operated came into violent contact, causing plaintiffs to sustain the serious injuries more specifically set forth hereunder.

11. Plaintiff's injuries were caused solely and wholly by and through the carelessness negligence and recklessness of the defendant, in that, among other things, Defendant operated and/or controlled said vehicles in a negligent, reckless and careless manner and at an excessive rate of speed; in that defendants failed to keep his motor vehicles under proper control; in that defendant failed to operate the motor vehicle in a reasonable and prudent manner, in that defendant failed to keep proper look out, so as to avoid the

happening of this accident; in that defendant failed to have due regard for other vehicles and drivers on the road; in that he failed to take proper consideration and make appropriate adjustment for other vehicles on the road; in that defendant violated the applicable statutes and ordinances of the State of New York and the subdivisions thereof including but not limited to the vehicle and traffic law.

12. Said collision and the resulting serious personal injuries sustained by plaintiff were due to the negligence and recklessness of defendant in the ownership, operation, maintenance and control of vehicle 2.

13. Plaintiff has sustained a "serious injury" as defined by Section 5102 (d) of the Insurance Law of the State of New York, and have further suffered economic loss greater than basic economic loss as defined in Section 5102 (a) of the Insurance Law of the State of New York.

14. As a result of the aforesaid, Plaintiff sustained serious personal injuries and has been rendered sick, sore lame and disabled and has suffered and continues to suffer great pain and anguish and has been disabled and on information and belief continues to be disabled; the full extent of which is not yet known, she sustained severe injury and shock to her head, neck, back, shoulder, knee, nerves and nervous systems, muscles, tendons, ligaments and cartilage; she has and in the past required and will in the future require medical treatment, care and attention; she has in the past been and will in the future be obliged to expend monies and incur obligations for medical care, attention and treatment of their injuries and the necessary incidents thereof, and on information and belief, some of such injuries are permanent.

15. Plaintiff has in the past been, presently is, and will in the future, continue to be incapacitated from pursuing her usual duties, occupations, vocations, avocations, hobbies and/or recreational pursuits.

16. The claim comes within one of the exceptions of Article 16 of the CPLR, Section 1602

17. The amounts sought herein exceed the jurisdictional limitations of all lower courts.

WHEREFORE, plaintiff prays that judgment be entered against the Defendants in favor of Plaintiff for an amount to be determined by the trier of fact, together with costs, disbursements and interest.

Dated: White Plains, N.Y.
March 4, 2019

Yours etc,

LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

BY: _____
Michael H. Joseph, Esq.
203 East Post Road
White Plains, New York 10601
Tel: (914) 574 8330
Fax: (914) 358-5379

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

---

LISA MELTON,

                        Plaintiff(s),

                        Index No.:

-against-

ALFONSO SOLLAMI,

                        Defendant(s).

---

### VERIFICATION

I, Michael H. Joseph, Esq., the undersigned, an attorney admitted to practice in the State of New York, state that I am a member of the LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C. attorneys of records for Plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matter I believe them to be true. The reason this verification is made by me and not by Plaintiff is because the Plaintiff currently is not in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records, memoranda in my file together with my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: White Plains, New York,
       March 4, 2019

                                                Michael H. Joseph, Esq.