Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Todd E. Gilbert**
Mamie Stathatos-Fulgieri
Scott A. Singer
Susan Vari
Gregg D. Weinstock*** ■
Kevin D. Porter

Edward J. Arevalo
Robert Boccio
Dylan Braverman
Thomas Brennan ●
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Kiki Chrisomallides*
Adam S. Covitt

Charles K. Faillace ±
Jerry Giardina
Anna Hock
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Megan A. Lawless‡
Guy A. Lawrence
Neil Mascolo, Jr.
Michele L. McEnroe
Adonaid Medina*
Ralph Vincent Morales
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Leilani J. Rodriguez*
Wayne M. Roth
Sasha Sagalovich
Tammy A. Trees
Anthony Venditto
Christopher Whitton

Christopher Antonino* ●
Margaret Antonino* ●
Lindsey T. Brown
Brian DiPentima*
Michael P. Diven ○
Roseann V. Driscoll
Tyler M. Fiorillo
Morgan T. Gieser ¤
Danielle M. Hansen
Christopher W. Hofmann
Mary M. Holupka
Lauren P. Ingvoldstad†
Eve Lederman ** ¥
Vasilios D. Lolis
Lauren N. Maloney*± **
Michael V. Mantovani ∆
Nicole E. Martone
Bashir Masani
Diana V. Mauro
Michael A. Mrnacaj
Joseph P. Muscarella
John P. O'Brien †
Daniel O'Connell †
Evan M. O'Harra **
Douglas Rockitter
Andres J. Sanchez
Allison Sanders

Krista M. Schlueck
Emeka K. Thomas
Kathleen M. Thompson
Ruth L. Tisdale *
James Valencia *
Karolina Wiaderna
Alexandra Zerrillo†

*Of Counsel*
Graig R. Avino*
Michael J. Battiste
Nicole Callahan
Josie M. Conelley
Daniele DeZago
Craig M. Goldwasser*
Thomas Jaffa
Valerie L. Siragusa
Nicole R. Wittman

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
○ Admitted to Practice in CT
□ Admitted to Practice in NJ
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
∆ Also Admitted to Practice in AZ, CA and NJ
● Admission Pending in FL
¥Admission Pending in NJ
† Admission Pending



January 13, 2020

**VIA ELECTRONIC CASE FILING ONLY**
Honorable Judge Broderick
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 518
New York, New York 10007

                    Re: Melton v. Sollami
                    Docket No.: 1:19-cv-03247-VSB

Dear Judge Broderick:

Our firm represents the defendant in the above-referenced matter. Despite the parties' good faith efforts to resolve a discovery dispute regarding the various issues pertaining to the plaintiff's disclosure of Dr. Louis Rose, the parties were unable to come to a consensus. Accordingly, we write this joint letter to you requesting an opportunity to brief the below- described issues on the motion or schedule a conference with the Court. Notably, the depositions are presently scheduled to be completed by January 27, 2020.

Counsel for plaintiff, Michael Joseph Esq., and Counsel for defendant, Karolina Wiaderna, Esq., fulfilled the "meet and confer" requirement by exchanging numerous emails over the past two weeks in the effort to resolve the below-described issues.

### DEFENDANT'S POSITION

Plaintiff served his disclosure of Dr. Rose pursuant to F.R.C.P. 26 wherein he provided Dr. Rose's report. *See* Exhibit "A."   In response to our position that the disclosure is deficient thereby requesting Counsel to supplement it, Counsel stated that "Dr. Rose is a treating physician, not a retained expert." Exhibit "B."  (Emphasis added). Since Dr. Rose is not an expert as per plaintiff's counsel, his report impermissibly opines as to issues reserved for experts and he should be precluded from testifying as to the matters at trial. Specifically, contrary to the well-settled law as to a treating physician who is not an expert, Dr. Rose heavily relies on outside records (half of the report discussed outside sources) to form his opinions as to causation and permanency.  Additionally, he impermissibly opines as to the cost of future physical therapy treatment.

In this context, the case law regarding treating physicians is unambiguous. The Southern and Eastern Districts consistently have held that "the limitation on a treating physician's testimony is that it must be '"based on the physician's personal knowledge of the examination, diagnosis, and treatment of a patient and not from information acquired from outside sources."' *Olutosin v. Gunsett,* 2019WL 561889 (S.D.N.Y. 2019); *see also Motta v. First Unum Life Ins. Co.,* No. CV 09-3674 JS AKT, 2011 WL 4374544, at *3 (E.D.N.Y. Sept. 19, 2011) quoting *Mangla v. Univ of Rochester,* 168 F.R.D.137, 139 (W.D.N.Y. 1996); *Shepler v. Metro-N. Commuter R.R.,* No. 13 CIV. 7192 (RWS), 2016 WL 1532251, at *3 (S.D.N.Y. Apr. 15, 2016). Accordingly, the physician's testimony is limited to certain parameters, including his/her care and treatment of the patient. *See Turner v. Delta Airlines,* No. 06-CV-1010, 2008 WL 222559, at *1 (E.D.N.Y. Jan 25, 2008).

As such, Dr. Rose may opine as to the care and treatment, i.e., diagnosis of Ms. Melton. However, as not a retained expert, he may not use outside sources, such as, the medical records of other providers, and may not render to the ultimately legal conclusion.

The plaintiff seems to confuse the law on the issue. It is true that a treating physician may be also an expert. However, when designated as such, a party is then bound by the requirement of a full expert disclosure. Conversely, a treating physician may be called to testify at trial as a fact witness, "without any requirement for a written report." Fed. R. Civ. P. 26(a)(2)(B), i.e., without being designated as an expert.

Here, the plaintiff specifically emphasized that Dr. Rose is not a retained expert. Accordingly, Dr. Rose is a fact witness.

The plaintiff acknowledges that "treating physicians may testify as fact, rather than expert, witnesses" and cites *Puglisi v. Town of Hempstead Sanitary Dist* (see p.3 of the Joint Letter). Defendant does not disagree with that. However, the plaintiff further contends that as a fact witness, Dr. Rose may nonetheless use outside sources an opine as to the ultimate causation based on same. Counsel fails to cite authority from the S.D.N.Y in support of same. Rather, plaintiff cites a Connecticut District Court case *McAfee v. Nagvi* and an E.D.N.Y case, *Reynolds v. Am. Airlines*, Inc. However, plaintiff's reliance on these cases is misplaced. Specifically, Reynolds the Court held that, "when there is no expert report provided, the treating physician may only testify as to facts acquired and opinions formed during the treatment of the patient. *See, e.g., Ali v. Connick*, No. 11 CV 5297, 2016 WL 3002403, at *9 (E.D.N.Y. May 23, 2016). Further, "[w]hen a "[p]laintiff['s] treating physicians are opining on causation—either specific or general—[d]efendants are entitled to full Rule 26(a)(2)(B) reports because such opinions go beyond those arising from treatment." *In re Denture Cream Prods. Liab. Litig.,* No. 09 MD 2051, 2012 WL 5199597, at *5.

Therefore, it is respectfully requested that the Court directs Dr. Rose to amend his report accordingly, and to eliminate any opinion based upon outside records. Additionally, it is respectfully requested that if Dr. Rose's testimony be strictly limited to the facts pertaining to his care and treatment of Ms. Melton.

Furthermore, even as a treating physician and not a retained expert, defendant is entitled to the deposition of Dr. Rose pursuant to F.R.C.P 30. *See Shepler v. Metro-N. Commuter R.R., No*. 13 CIV. 7192 (RWS), 2016 WL 1532251, at *3 (S.D.N.Y. Apr. 15, 2016). However, in response to defendant's Notice for Deposition and defendant's inquiry as to Dr. Rose' available dates, on 1/3 the plaintiff simply responded, on 1/3, that Dr. Rose was a treating physician and not a retained expert. When the defendant's

followed up citing authority of its entitlement to Dr. Rose's deposition, on 1/8, plaintiff responded that he would inquire whether Dr. Rose would appear for a deposition without a subpoena. The plaintiff consequently emailed the defendant's counsel that a subpoena would nonetheless be required. Accordingly, the subpoena was promptly prepared and provided to a process server and was either served on 1/10 or is going to be served on 1/13.

Lastly, as the Southern District of New York concluded, as a treating physician and not a retained expert, as a fact witness, Dr. Rose is entitled to a fee pursuant to 28 U.S.C. § 1821. *DeRienzo v. Metro. Transit Auth. & Metro-N. Rail Rd.,* No. 01 CIV. 8138(CBM), 2004 WL 67479 (S.D.N.Y. Jan. 15, 2004). Other S.D.N.Y cases on pint are *Zanowic v. Ashcroft,* 2002 WL 826878 (S.D.N.Y. Apr. 30, 2002) where the Court held that although "compelling arguments can be made that they should be permitted to require a fee beyond the $40 per day fee, plus mileage, authorized by 28 U.S.C. § 1841. However, upon reflection, I believe that the authority to make such a change most appropriately lies with the legislative branch." *Zanowic v. Ashcroft,* 2002 WL 826878 (S.D.N.Y. Apr. 30, 2002); see also *Matias v. United States,* 97 Civ. 8957(NRB), 1999 WL 1022132 (S.D.N.Y. Nov. 5, 1999). Similarly, the Court of the ED.N.Y similarly agreed with the foregoing fee determination. *See Best v. Barbarotta,* No. 12CV6142NGGSMG, 2019 WL 3886618, at *4 (E.D.N.Y. Aug. 19, 2019). In *DeRienzo*, the Court held that an employee's six treating physicians were fact witnesses, rather than expert witnesses, and thus were limited to fee of $40 per day for time they spent being deposed in employee's FELA action against city transit authority, rather than fee based on their hourly billing rate; physicians were going to testify to the facts learned and opinions formed in providing employee medical care for his work-related injuries. Federal Employers' Liability Act, § 1 et seq., 45 U.S.C.A. § 51 et seq.; 28 U.S.C.A. § 1821(b); Fed.Rules Civ.Proc.Rule 26(b)(4)(A)(B), 28 U.S.C.A.

The only S.D.NY authority that the plaintiff cited was *Altman v. Motion Water Sports*. In Altman, the Magistrate Judge Douglas Eaton acknowledged the S.D.N.Y case law holding that a physician is entitled only to a fee pursuant to 28 U.S.C. § 1821. Judge Eaton then stated that he was more persuaded by the reasoning in an opinion that disagreed with those cases and rather agreed with the ruling of the N.D.N.Y. in *Lamere v. New York State Office for the Aging*. There, Judge Eaton was persuaded by the inconvenience to the physician, Dr. Deland, as Dr. Deland was based of Manhattan, and the case was brought in New Haven, CT—almost 100 miles away. Here, Dr. Rose is based of the Bronx. No such inconvenience would result in the case at bar.

It appears that plaintiff would like to this Court to allow the following: at the various parts of the plaintiff's argument, Counsel emphasizes that Dr. Rose is not a retained expert therefore is not bound by the requirements of the expert disclosure. Further, Counsel contends, that as a non-expert, he does not need to produce Dr. Rose and thus defendant has to subpoena him. Yet, at the same time, Counsel contends that Dr. Rose should be allowed to rely on outside records, as experts, do, and should be paid a reasonable expert fee. In other words, Counsel requests to be permitted to "have his cake and eat it too."

**PLAINTIFF'S POSITION**

<u>Dr. Rose Is A Treating Physician and May Offer Opinions , But Is Not
Required To Submit A Report</u>

Plaintiff's position is that the disclosure is adequate and complies with Rule 26, because Dr. Rose, is the Plaintiff's treating physician. As a treating physician, Dr. Rose is not required to provide a report,

under Rule 26(2)(B), nevertheless Rule 26(c) requires that for witnesses who do not provide a report, disclosure is required of the subject matter on which the witness is expected to testify along with a summary of the facts and opinions. As such, Plaintiff requested a narrative report, identifying Dr. Rose's opinions on causation, disability and future medical needs, which were based upon his treatment of the patient. Dr. Rose's report was exchanged as was his curriculum vitae, and he was identified as witness pursuant to Rule 26(c).

In general, a treating physician may testify to opinions formed in the course of treatment without regard to the disclosure requirements of Rule 26(a)(2). *Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 CIV. 0607(PKL), 2001 U.S. Dist. LEXIS 64, 2001 WL 21256, at *1 (S.D.N.Y. Jan. 9, 2001). When acting as an expert, the physician may testify to "matters beyond plaintiff's course of treatment, i.e., information acquired from outside sources." *McAfee v. Naqvi*, No. 3:14-cv-410 (VAB), 2017 U.S. Dist. LEXIS 116539, 2017 WL 3184171, at *4 (D. Conn. July 26, 2017). If a party offers a treating physician as an expert, there is no need to provide a written expert report under Rule 26(a)(2)(B) because treating physicians are not 'retained or specifically employed to provide expert testimony in the case. *McAfee v. Naqvi, supra*; *see also Reynolds v. Am. Airlines, Inc.*, No. 14 CV 2429 (CLP), 2017 U.S. Dist. LEXIS 192822, 2017 WL 5613115, at *6 (E.D.N.Y. Nov. 21, 2017). A treating physician need only provide a full written report under Rule 26(a)(2)(B) when 'circumstances suggest the doctor was 'retained or specially employed to provide expert testimony. *Olutosin v. Gunsett,* 2019 U.S. Dist. LEXIS 189289, *15 (S.D.N.Y. 2019). Here, Dr. Rose was not specifically retained, but Plaintiff requested a report, for the purposes of disclosing the opinions which he formed in his course and scope of treatment.

Courts in this circuit have held that treating physicians may testify as fact, rather than expert, witnesses. *See, e.g., Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, No. 11-CV-0445 (PKC), 2013 U.S. Dist. LEXIS 111972, 2013 WL 4046263, at *6 (E.D.N.Y. Aug. 8, 2013); *Zanowic v. Ashcroft*, No. 97-CV-5292 (JGK) (HBP), 2002 U.S. Dist. LEXIS 3857, 2002 WL 373229, at *2 (S.D.N.Y. Mar. 8, 2002). Even without being declared an expert under Rule 26, treating physicians may testify as to facts acquired and opinions formed during their personal consultation. *Puglisi*, 2013 U.S. Dist. LEXIS 111972, 2013 WL 4046263, at *6. Opinions formed during consultation "are considered an explanation of treatment." *Turner v. Delta Air Lines Inc.*, No. 06-CV-1010, 2008 U.S. Dist. LEXIS 5528, 2008 WL 222559 (NG) (CLP), at *1 (E.D.N.Y. Jan. 25, 2008). Specifically, a treating physician who testifies as a fact witness can opine on "causation, severity, disability, permanency and future impairments" as part of the doctor's explanation of treatment. *Puglisi*, 2013 U.S. Dist. LEXIS 111972, 2013 WL 4046263, at*6; quoting *Williams v. Regus Mgmt. Grp.*, No. 10-CV-8987 (JMF), 2012 U.S. Dist. LEXIS 68551, 2012 WL 1711378, at *3 (S.D.N.Y. May 11, 2012); *Ali v. Connick*, 2016 U.S. Dist. LEXIS 67466, *18-19 (E.D.N.Y. 2016). Here, Dr. Rose is a treating physician, his records have been disclosed and defendants have been provided with authorizations for his records. Further that Dr. Rose, provided a report, which stated his own opinions based upon his treatment and care of the Plaintiff, does not make him a retained expert, within the meaning of Rule 26.

Finally, Defendant's assertions that Dr. Rose relies upon outside materials is erroneous, as the references to supposed outside materials are diagnostic studies and reports of other physicians participating in the Plaintiff's care. It is, of course, basic that an expert, including a treating physician, may testify pursuant to Fed.R.Evid. 702 and offer an opinion based on "facts or data in the case that the expert has been made aware of or personally observed." *Geary v. Fancy*, 2016 U.S. Dist. LEXIS 43786, *11-12 (W.D.N.Y. 2019). Rule 703 therefore recognizes that testifying treating physicians are eligible to

4

testify as experts based on a variety of information other than the physician's personal knowledge such as "reports and opinions of nurses, technicians and other doctors ." *Id*. citing. Advisory Committee Notes to 1972 Proposed Federal Rules of Evidence. Moreover, such facts need not be admissible in evidence if they are of a type reasonably relied upon by a treating physician in forming an opinion. Fed.R.Evid. 703.

Therefore, Plaintiff's position is that Dr. Rose is a treating physician and not subject to any expert disclosure. By providing a report, stating the opinions to which he would testify at trial, does not transform him into a retained expert and the report that was provided was in compliance with Rule 26(c). In fact, in this case, Plaintiff went above and beyond the requirement by requesting a report, as such, defendants cannot be heard to complain, since they are gaining more discovery than is required to be provided under the F.R.C.P.

Based upon the foregoing, Plaintiff requests that the Defendant's application be denied in its entirety, and in the event that the Court rules that Plaintiff is required to provide a full expert disclosure, that the Court provide Plaintiff with a reasonable extension to comply.

<u>Defendants Must Subpoena Dr. Rose and He Is Entitled To Be Paid a Reasonable Fee</u>

By way of background, Defendant has not issued a subpoena to take Dr. Rose's deposition, rather, they emailed the undersigned a demand for his deposition. The undersigned advised that Dr. Rose was a treating physician, but as a courtesy, I would contact Dr. Rose's office and attempt to coordinate his appearance at a deposition, provided the defendant agree to pay his fee. The defendant took the position that as Dr. Rose, was not an expert required to submit a report, they did not have to him a fee as an expert. Plaintiff submits that this is erroneous, and intended to inconvenience the doctor and avoid paying him a fee for his inconvenience.

F.R.C.P. Rule 26(b)(4)(e) states that unless manifest injustice would result, the court must require that the party seeking discovery:

**(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

**(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Treating physicians are considered as expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and are entitled to a reasonable witness fee. *Geary v. Fancy,* 2016 U.S. Dist. LEXIS 43786, *9 (W.D.N.Y. 2019); See Advisory Committee Notes 2010 Amendment to Fed.R.Civ.P. 26(a)(2)(C). Reading all of the Federal Rules of Civil Procedure, together, they require payment of a reasonable fee to all experts who are disclosed under Rule 26(a)(2)(A) and deposed under Rule 26(b)(4), irrespective of whether they are retained experts, and irrespective of whether they are required to submit a report under Rule 26(a)(2)(B). *Altman v. Motion Water Sports, Inc.*, 2007 U.S. Dist. LEXIS 53313 (S.D.N.Y. 2007); *Lamere v. New York State Office for the Aging,* 223 F.R.D. 85 (N.D.N.Y. 2004). Stated another way, it is not the reporting requirement that generates a reasonable fee be paid but, rather, the deposition process itself, which blankets all experts. *Altman v. Motion Water Sports, Inc.*, 2007 U.S. Dist. LEXIS 53313, *10. Plaintiff submits that a contrary rule would allow defendants in litigation to shift the cost of gaining expert discovery to the treating physicians, by requiring treating physicians who treat hundreds, if not thousands of trauma patients a year, to sit through depositions, without compensation. That would be fundamentally unfair and would deter physicians from treating trauma patients.

Courts have recognized that treating physicians, even when not testifying as a specially retained expert, are entitled to reasonable compensation rather than the statutory $40 per day fee. *See, e.g.*, *Carovski v. Jordan*, 2008 U.S. Dist. LEXIS 76282, 2008 WL 4501907, at * 2 (W.D.N.Y. Sept. 30, 2008); *Maxwell v. Becker*, 2015 U.S. Dist. LEXIS 106811, *15 (W.D.N.Y 2015) Treating physicians are entitled to a reasonable fee pursuant to Rule 26(b)(4)(C); *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 92 (N.D.N.Y. 2004)*Coleman v. Dydula,* 190 F.R.D. 320, 323-24 (W.D.N.Y. 1999) (finding at $ 250 per hour was a reasonable fee) ; *see also  Giladi v. Strauch,* 2001 U.S. Dist. LEXIS 4645, 2001 WL 388052, at *9, n.7 (S.D.N.Y. Apr. 16, 2001).

Therefore Plaintiff requests that the Defendants be ordered to pay Dr. Rose, his customary fee for a deposition, as a pre-condition to taking his deposition.  Finally, if the Court finds that Plaintiff is required to supplement the disclosure, then there is no question that Dr. Rose, is entitled to a fee and the Defendants would have to pay our attorney's fee for the deposition.

We seek the Court's intervention to resolve the above-delineated disputes. The depositions are presently ordered to be completed by January 27, 2020. Thank you for the Court's time and consideration.

      Very truly yours,
      *Karolina Wiaderna/Michael Joseph*
      Karolina Wiaderna/ Michael Joseph